IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DEAN PRAIAS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-912 |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

### I. Introduction

Plaintiff Dean Praias ("Plaintiff") brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act ("Act") [42 U.S.C. §§ 1381-1383(f)]. For the reasons that follow, the decision of the Commissioner will be vacated, and the case will be remanded for further administrative proceedings consistent with this opinion.

### II. Background

Plaintiff was born on March 2, 1961. (R. 45). Although he dropped out of school before finishing high school, he obtained a General Educational Development ("GED") diploma. *Id.* He subsequently worked as a construction site cleaner. *Id.* Nonetheless, he ceased working in that capacity before 1990. *Id.* Therefore, his work experience as a construction site cleaner does not constitute "past relevant work" within the meaning of 20 C.F.R. § 416.960(b)(1).[1]

Plaintiff initially applied for SSI benefits on March 12, 1984. (R. 11). The record indicates that this application was unsuccessful. *Id.* He applied for SSI benefits again on

---

[1] The applicable regulation provides: "Past relevant work is work that you have done within the last 15 years, that was substantial gainful activity, and that has lasted long enough for you to learn to do it." 20 C.F.R. § 416.960(b)(1).

1

October 10, 2001. *Id.* When this second application was initially denied on November 29, 2001, Plaintiff apparently took no further action. (R. 86). Plaintiff applied for SSI benefits on October 27, 2004, alleging disability as of January 1, 1978. (R. 11, 85). The claim was denied by the state agency on January 11, 2005. (R. 70). Plaintiff responded by filing a timely request for an administrative hearing. (R. 74). A hearing was scheduled for August 2, 2006, before Administrative Law Judge Lamar W. Davis ("ALJ"). (R. 28). Plaintiff was subsequently incarcerated in the Allegheny County Jail and, hence, was unable to appear for the hearing. (R. 38). The ALJ granted Plaintiff a continuance. (R. 39). A hearing was ultimately held on November 1, 2006, before the ALJ. (R. 41-66). Plaintiff, who was represented by counsel, appeared and testified at the hearing. (R. 45-61). Testimony was also taken from Thomas Matura ("Matura"), a mental health therapist employed by the Community Reintegration of Offenders with Mental Illness and Substance Abuse ("CROMISA") program, and Karen Krull ("Krull"), an impartial vocational expert. (R. 61-65). In a decision dated January 17, 2007, the ALJ determined that Plaintiff was not "disabled" within the meaning of the Act. (R. 8-18). The Appeals Council denied Plaintiff's request for review on May 8, 2007, thereby making the ALJ's decision the final decision of the Commissioner in this case. (R. 4). Plaintiff commenced this action against the Commissioner on July 7, 2007, seeking judicial review of the Commissioner's administrative decision. Compl. (Doc. No. 3). Plaintiff and the Commissioner filed cross-motions for summary judgment on January 18, 2008. Mots. for Summary Judgment (Doc. Nos. 8 & 11). These motions are the subject of this memorandum opinion.

### III. Standard of Review

This Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). The Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986). Congress has clearly expressed its intention that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)(internal quotation marks omitted). As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if this Court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

In order to establish a disability under the Act, a claimant must demonstrate a "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Stunkard v. Secretary of Health and Human Services*, 841 F.2d 57, 59 (3d Cir. 1988); 42 U.S.C. §§ 423(d)(1), 1382c(a)(3)(A). A claimant is considered to be unable to engage in substantial gainful activity "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To support his ultimate findings, the Commissioner must do more than simply state factual conclusions. He must make specific findings of fact. *Stewart v. Secretary of HEW*, 714 F.2d 287, 290 (3d Cir. 1983). An administrative law judge must consider all medical evidence contained in the record and provide adequate explanations for disregarding or rejecting evidence. *Weir on Behalf of Weir v. Heckler*, 734 F.2d 955, 961 (3d Cir. 1984); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

The Social Security Administration ("SSA"), acting pursuant to its legislatively delegated rulemaking authority, has promulgated a five-step sequential evaluation process for the purpose of determining whether a claimant is "disabled" within the meaning of the Act. The United States Supreme Court recently summarized this process as follows:

> If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further. At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity." [20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." §§

3

> 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. §§ 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c).

*Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003)(footnotes omitted). Hence, as a general matter, a claimant seeking benefits under the Act may establish the existence of a statutory disability by (1) introducing medical evidence that he is *per se* disabled as a result of an impairment appearing in 20 C.F.R. Pt. 404, Subpt. P, App. 1 ("Listing of Impairments") or (2) demonstrating that the functional limitations caused by his impairments effectively preclude him from returning to his past relevant work and from performing other jobs existing in significant numbers in the national economy. *Stunkard*, 849 F.2d at 59.

In an action in which review of an administrative determination is sought, the agency's decision cannot be affirmed on a ground other than that actually relied upon by the agency in making its decision. In *Securities & Exchange Commission v. Chenery Corporation*, 332 U.S. 194 (1947), the Supreme Court explained:

> When the case was first here, we emphasized a simple but fundamental rule of administrative law. That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*Chenery Corporation*, 332 U.S. at 196. The United States Court of Appeals for the Third Circuit has recognized the applicability of this rule in the Social Security disability context. *Fargnoli v. Massanari*, 247 F.3d 34, 44, n. 7 (3d Cir. 2001). Thus, the Court's review is limited to the four

corners of the ALJ's decision.

IV.     **Discussion**

In his decision, the ALJ observed that the prior administrative adjudications involving Plaintiff were not subject to reopening.[2] (R. 11, n. 1). For this reason, the prior determination that Plaintiff was not disabled on or before November 29, 2001, was not disturbed. The ALJ determined that Plaintiff had not engaged in substantial gainful activity during the relevant period of time. (R. 13). Plaintiff was found to be suffering from hepatitis C, bipolar disorder, anemia and the residuals of lung and chest trauma resulting from a fall. *Id.* Although these impairments were deemed to be "severe" within the meaning of 20 C.F.R. §§ 416.920(a)(4)(ii) and 416.920(c), the ALJ concluded that they did not meet or medically equal an impairment appearing in the Listing of Impairments. *Id.* In accordance with 20 C.F.R. § 416.945, the ALJ assessed Plaintiff's residual functional capacity as follows:

> Upon careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work not requiring working in environments containing fumes or air born particulates; involving only simple, routine, and repetitive tasks, requiring no more than occasional independent judgment and decision making, changes in work processes, interaction with the general public, and interaction with co-workers; an [sic] no piece work production work pace.

(R. 14). At the time of the ALJ's decision, Plaintiff was forty-five years old, making him a "younger person" under the Commissioner's regulations.[3] 20 C.F.R. § 416.963(c). As noted earlier, Plaintiff obtained a GED diploma after dropping out of high school. (R. 45). He had no "past relevant work" within the meaning of 20 C.F.R. § 416.960(b)(1). Given the applicable vocational and residual functional capacity assessments, the ALJ determined that Plaintiff could

---

[2]Under 20 C.F.R. § 416.1488, a prior administrative decision can be reopened within twelve months for any reason, within two years upon a finding of "good cause," and at any time upon a finding of "fraud or similar fault." This standard differs from that applicable to decisions involving disability insurance benefits under Title II of the Act, which can be reopened within four years upon a showing of "good cause." 20 C.F.R. § 404.988(b); *Cole v. Barnhart*, 288 F.3d 149, 150 (5th Cir. 2002).

[3]The applicable regulation defines a "younger person" as anyone below the age of fifty. 20 C.F.R. § 416.963(c). Nevertheless, it acknowledges that persons between the ages of forty-five and forty-nine are more limited in their ability to adjust to new types of work than are persons who have not yet attained the age of forty-five.

5

work as a packer, a laundry worker, an alarm system monitor, or a surveillance system monitor. (R. 17). Krull's testimony established that these jobs existed in the national economy under 42 U.S.C. § 1382c(a)(3)(B). (R. 64). Consequently, Plaintiff was not found to be "disabled" within the meaning of 42 U.S.C. § 1382c(a)(3)(A). (R. 18).

In support of his motion for summary judgment, Plaintiff takes issue with the ALJ's evaluation of the medical evidence. Pl.'s Br. (Doc. No. 9), pp. 7-16. He also contends that the ALJ failed to apply the proper standard in determining whether his alleged inability to work was due to drug or alcohol abuse. *Id.*, pp. 17-25. After a thorough review of the record, the Court is convinced that the ALJ failed to properly evaluate the effect that Plaintiff's drug and alcohol abuse had on his ability to work. For this reason, further administrative proceedings are required.

Relevant to the Court's analysis is § 105 of the Contract With America Advancement Act of 1996, which amended Title XVI of the Act to add the following language:

> Notwithstanding subparagraph (A), an individual shall not be considered to be disabled for purposes of this title [42 U.S.C. § 1381 *et seq.*] if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

42 U.S.C. § 1382c(a)(3)(J); Pub. L. No. 104-121, § 105; 110 Stat. 847, 853-854 (1996). The applicable regulation provides:

> **§ 416.935 How we will determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.**
> (a) *General*. If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability, unless we find that you are eligible for benefits because of your age or blindness.
> (b) *Process we will follow when we have medical evidence of your drug addiction or alcoholism*. (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

>    (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>    (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. § 416.935. The language of the regulation presupposes that the materiality of a claimant's drug or alcohol abuse will be considered only after a finding of disability has been made in accordance with the normal five-step sequential evaluation process. Some courts have gone as far as to hold that an administrative law judge cannot consider drug or alcohol abuse *at all* until a finding of disability has been made. *Brueggemann v. Barnhart*, 348 F.3d 689, 694 (8th Cir. 2003)("Substance use disorders are simply not among the evidentiary factors our precedents and the regulations identify as probative when an ALJ evaluates a physician's expert opinion in the initial determination of the claimant's disability."); *Bustamante v. Massanari*, 262 F.3d 949, 954-955 (9th Cir. 2001)(treating a finding of disability as a condition precedent to a determination as to whether drug or alcohol abuse is material to such a finding).

In his decision, the ALJ specifically referenced the Contract With America Advancement Act. (R. 15). Nevertheless, the extent to which it was used as a basis for the ALJ's decision is unclear. Plaintiff appears to believe that the ALJ specifically relied on the statute as a basis for denying his application for SSI benefits. Pl.'s Br. (Doc. No. 9), pp. 17-24. This assumption is logical, since the ALJ repeatedly referred to Plaintiff's drug and alcohol abuse. For instance, a portion of the ALJ's opinion stated as follows:

>    The record reflects that Mr. Praias has remained highly functional *during periods of detoxification and abstinence from drugs and alcohol*, and further portends a repetitive pattern of manipulation for secondary gain; and highly questionable integrity as indicated by repetitive references to "malingering" and the claimant's conviction for crimes involving moral turpitude including bank robbery, retail theft, burglary, and receiving stolen property.
>
>    *At the hearing Mr. Praias claimed to have been abstinent from both drugs and alcohol for 17 months, but to the extent that he has been unable to work during any period relevant herein due to a substance abuse disorder, payment of benefits would be precluded by Public Law 104-121.*

7

> The evidence shows that Mr. Praias was hospitalized in 1999, for treatment of acute gastritis *due to excessive alcohol use. Cocaine and heroin abuse were also noted* (Exhibit 1F). In 2002, Mr. Praias was transferred from jail, where he was serving a sentence for bank robbery, to a hospital after alleging symptoms including thoughts of suicide. However, following an evaluation, symptoms of "malingering" were also noted (Exhibit 4F, page 3).

(R. 15)(footnote omitted; emphasis added). Later portions of the ALJ's opinion referred to drug and alcohol abuse as well. For example, the ALJ mentioned that Plaintiff "was hospitalized on February 14, 2005, for a psychiatric, drug, and alcohol evaluation after complaining of worsening depression and symptoms including thoughts of suicide, as well as a relapse of substance abuse including the use of heroin and 'crack' cocaine and Percocet." (R. 15). He also observed that records from the Western Psychiatric Institute and Clinic covering the month of March 2005 had indicated that Plaintiff had become depressed after stopping his prescribed medication and resuming his illicit drug use. (R. 16).

Having reviewed the opinion in significant detail, the Court cannot determine whether the ALJ specifically relied on Plaintiff's abuse of drugs or alcohol as a basis for denying his application for SSI benefits. If the Commissioner wishes to rely on a claimant's use of drugs or alcohol as a basis for discounting functional limitations, he must establish that such limitations would not exist but for the claimant's use of drugs or alcohol. *Sklenar v. Barnhart*, 195 F.Supp.2d 696, 701-706 (W.D.Pa. 2002). In order to do so, he must have some evidence which supports a finding that drug or alcohol abuse is *material* to the claimant's disability. *McNatt v. Barnhart*, 464 F.Supp.2d 358, 368-369 (D.Del. 2006). The problem with the ALJ's opinion is that the discussion about Plaintiff's drug and alcohol abuse is so interwoven with the overall residual functional capacity evaluation that meaningful judicial review of the materiality determination (if a materiality determination was made) is virtually impossible. If the ALJ intended to rely on Plaintiff's drug or alcohol abuse as a ground for denying him SSI benefits, he certainly did not proceed in accordance with the proper analytical framework. Under similar circumstances, courts have not hesitated to remand administrative determinations for further proceedings. *Cecil v. Astrue*, 554 F.Supp.2d 905, 906-908 (S.D.Iowa 2008); *Tagger v. Astrue*, 536 F.Supp.2d 1170, 1180-1181 (C.D.Cal. 2008); *Mathious v. Barnhart*, 490 F.Supp.2d 833,

849-850 (E.D.Mich. 2007); *LaPatra v. Barnhart*, 402 F.Supp.2d 429, 433 (W.D.N.Y. 2005); *Lindsay v. Barnhart*, 370 F.Supp.2d 1036, 1044 (C.D.Cal. 2005); *Welch v. Barnhart*, 355 F.Supp.2d 1008, 1017-1018 (E.D.Mo. 2005); *Williams v. Barnhart*, 338 F.Supp.2d 849, 862-863 (M.D.Tenn. 2004); *White v. Commissioner of Social Security*, 302 F.Supp.2d 170, 173-174 (W.D.N.Y. 2004); *Frederick v. Barnhart*, 317 F.Supp.2d 286, 293-294 (W.D.N.Y. 2004).

Where a claimant has both exertional and nonexertional limitations, there is a particularly acute need for a clear and unambiguous residual functional capacity assessment. *Burnam v. Schweiker*, 682 F.2d 456, 458 (3d Cir. 1982)("The fact that work exists in the national economy for a person who *only* has Burnam's exertional impairments, or for a person who *only* has his nonexertional impairments, does not mean that work exists in the national economy for a person who suffers from *both* types of impairments simultaneously.")(emphasis in original). The United States Court of Appeals for the Third Circuit has expressed concerns about administrative "opinions that fail properly to consider, discuss and weigh relevant medical evidence." *Fargnoli*, 247 F.3d at 42. Such concerns are particularly present where an administrative opinion is so vague that it effectively precludes meaningful judicial review. *Id.* There are, of course, some issues that can be adequately addressed in a single sentence. *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981)("As the opinion for the court makes clear, the ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a *sentence* or short paragraph would probably suffice.")(emphasis added). Nonetheless, a reviewing court cannot make unfounded assumptions to the detriment of a litigant in situations where there is considerable doubt as to the precise grounds for the decision under review. It is for this reason that the United States Supreme Court will assume that it has jurisdiction to address a federal question under circumstances in which a state court has not made clear its intention to base its decision on an adequate and independent state ground. *Michigan v. Long*, 463 U.S. 1032, 1044 (1983)("Rather than dismissing the case, or requiring that the state court reconsider its decision on our behalf solely because of a mere possibility that an adequate and independent ground supports the judgment, we find that we have jurisdiction in the absence of a plain statement that the decision below rested on an adequate and independent state ground.").

The ALJ's opinion contains no plain statement indicating that his repeated references to

Plaintiff's drug and alcohol abuse were not necessary to the ultimate finding of non-disability. The Court can only assume, as Plaintiff apparently does, that the ALJ improperly considered such factors without making the requisite materiality determinations. The deferential nature of the "substantial evidence" standard does not convert judicial review into a rubber stamp. *Hanna v. Chater*, 930 F.Supp. 378, 386 (N.D.Iowa 1996). Moreover, the Court is not free to adopt its own rationale for affirming an administrative determination that cannot stand on its own. *Chenery Corp.*, 332 U.S. at 196; *Fargnoli*, 247 F.3d at 44, n. 7.

A judicially ordered award of benefits is proper only where "the administrative record of the case has been fully developed and . . . substantial evidence in the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny v. Harris*, 745 F.2d 210, 222 (3d Cir. 1984). That standard is not met here. Further development of the record is not only possible, but desirable. *Stevens v. Commissioner of Social Security*, 484 F.Supp.2d 662, 668-669 (E.D.Mich. 2007)("When the reason for the rejection of the ALJ's decision is a lack of substantial evidence, and the record indicates that remand to potentially find such evidence would not be futile, remand to the body assigned the role of weighing evidence and making factual determinations is appropriate."). Accordingly, the Court will vacate the decision of the Commissioner and remand this case for further administrative proceedings.

Plaintiff also takes issue with the ALJ's evaluation of the medical evidence as a whole, leaving aside the question of whether the ALJ improperly relied on Plaintiff's abuse of drugs and alcohol without making the required materiality determinations. Pl.'s Br. (Doc. No. 9), pp. 7-16. In light of the Court's determination that this case must be remanded in any event, further consideration of the ALJ's evaluation of the evidence is unnecessary. The Court does note, however, that the ALJ appears to have discussed only those portions of the record which provided support for his ultimate determination, without regard for the conflicting evidence referenced by Plaintiff. (R. 14-16). It is, of course, the prerogative of the Commissioner to resolve conflicts in the evidence. *Newhouse v. Heckler*, 753 F.2d 283, 286 (3d Cir. 1985). Nevertheless, the Commissioner must also explain the weight given to the opinions expressed by *all* treating, examining and nonexamining physicians, including those opinions which are ultimately rejected. *Alejandro v. Barnhart*, 291 F.Supp.2d 497, 508 (S.D.Tex. 2003). A reliable

residual functional capacity assessment must account for all of the claimant's credibly established limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005). On remand, the Commissioner shall properly evaluate the evidence of record, giving a clear explanation as to why some evidence is credited and why other evidence is rejected. If the Commissioner chooses to rely on Plaintiff's alleged abuse of drugs or alcohol as a basis for the denial of benefits, he must make specific materiality determinations in accordance with the applicable regulations.

### V. Conclusion

The ALJ's determination is not "supported by substantial evidence" within the meaning of § 405(g). Accordingly, the Motion for Summary Judgment filed by the Commissioner (*Document No. 11*) will be denied. The Motion for Summary Judgment filed by Plaintiff (*Document No. 8*) will be denied insofar as it seeks an award of benefits and granted insofar as it seeks a vacation of the administrative decision under review, and a remand for further proceedings. An appropriate order follows.

                                                           McVerry, J.

cc: Jessica Lieber Smolar
      Assistant United States Attorney
      Western District of Pennsylvania
      U.S. Post Office & Courthouse
      700 Grant Street, Suite 400
      Pittsburgh, Pennsylvania 15219

      Karl E. Osterhout
      1789 S. Braddock Avenue, Suite 570
      Pittsburgh, Pennsylvania 15218

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEAN PRAIAS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-912 |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, this 29th day of September, 2008, in accordance with the foregoing memorandum opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the Commissioner's Motion for Summary Judgment (*Document No. 11*) is **DENIED**, Plaintiff's Motion for Summary Judgment (*Document No. 8*) is **DENIED** insofar as it seeks an award of benefits, however, Plaintiff's Motion for Summary Judgment is **GRANTED** insofar as it seeks that the Commissioner's administrative decision be vacated and remanded for further proceedings. The Commissioner's decision is hereby **VACATED** pursuant to the fourth sentence of 42 U.S.C. § 405(g), and this case is **REMANDED** for further proceedings consistent with the foregoing memorandum opinion.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Jessica Lieber Smolar
jessica.smolar@usdoj.gov

Karl E. Osterhout
karl@keolaw.com